MEMORANDUM **
Plaintiff Kathleen Chandler appeals the district court’s judgment in favor of defendant Arizona Partners Retail Investment Group, LLC, following a jury trial on her negligence claim. Chandler also appeals the pretrial dismissal of her negligence per se claim. We have jurisdiction under 28 U.S.C. § 1291, and affirm.[1]
The district court did not err in dismissing Chandler’s negligence per se claim. California has codified the common law rule on negligence per se, which allows a defendant’s violation of a statuté or regulation to create a presumption of negligence only if, inter alia, the “injury resulted from an occurrence of the nature which the statute ... or regulation was designed to prevent-” Cal.Evid.Code § 669(a)(3). Because the requirement set forth in the implementing regulations of the Americans with Disabilities Act (“ADA”), 42 U.S.C. § 12101 et seq., that “[b]uilt-up curb ramps shall be located so that they do not project into vehicular traffic lanes,” 28 C.F.R. § 36, Appendix A, § 4.7.6, was not designed to protect against an occurrence such as the one at issue here, Chandler’s negligence per se claim fails as a matter of law.
*726 The district court similarly did not err in refusing to admit testimony about purported ADA violations. Chandler argued that the defendant acted negligently in painting a parking lot ramp in a confusing pattern, causing her to trip. However, because the ADA regulations at issue governed the location of ramps near traffic lanes, evidence of the ramp’s supposed non-compliance with those regulations was irrelevant and properly excluded under Federal Rule of Evidence 402.
Finally, because, as discussed above, Chandler’s negligence per se claim fails as a matter of law, she was not entitled to a jury instruction on negligence per se. See Akins v. County of Sonoma, 67 Cal.2d 185, 60 Cal.Rptr. 499, 430 P.2d 57, 61-62 (1967).
The judgment of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the factual and procedural background, we recite it here only so far as is necessary to aid in understanding this disposition.